# UNITED STATES BANKRUPTCY COURT
# FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| In Re: | : |
| | :CHAPTER 13 |
| ANGELA S. FANELLI | : |
| xxx-xx-0411 | : |
|         Debtor. | :CASE NO. 19-11130/AMC |
| _____ | : |
| | : |
| U.S. Bank National Association as Legal Title Trustee for Truman 2013 SC4 Title Trust | : |
|         Movant, | : |
| v. | :Courtroom Number 4 |
| | : |
| ANGELA S. FANELLI | :Hearing Date: May 7, 2019 @ 11:00 a.m. |
|         Debtor, | : |
| And | : |
| WILLIAM C. MILLER, ESQUIRE | : |
|         Trustee, | : |
|         Respondents. | : |
| _____ | : |

**MOTION BY US BANK, NA, AS LEGAL TITLE TRUSTEE FOR TRUMAN 2013 SC4 TITLE TRUST IN SUPPORT OF MOTION FOR RELIEF FROM THE AUTOMATIC STAY; WAIVING THE 14-DAY REQUIREMENT OF RULE 4001 (a)(3); PROVIDING PROSPECTIVE/*INREM* RELIEF FROM STAY; AND IF CASE HAS BEEN DISMISSED AND/OR CLOSED, TO REINSTATE AND/OR REOPEN CASE FOR PURPOSES OF ADJUDICATING THIS MOTION AS TO CERTAIN REAL PROPERTY**

Movant, by its Attorney, Romano Garubo & Argentieri, Emmanuel J. Argentieri, Esquire appearing, hereby requests an order granting it relief from the automatic stay; providing prospective/*In Rem* relief from stay; waiver of the 14-day stay requirement of Rule 4001 (a)(3); and providing that if the case has been dismissed and/or closed to reinstate and/or reopen for purposes of adjudicating this motion as to certain real property and avers as follows:

1.     Movant is US Bank NA as Legal Title Trustee for Truman 2013 SC4 Title Trust (hereinafter "Movant").

2. Movant is the holder of a Note secured by a mortgage on the Debtor's realty commonly known as 316 Dutchmans Point Road, Mantalocking, New Jersey 08938. **(Please see Exhibit "A" attached hereto and incorporated herein).**

3. By way of assignments of mortgage, the subject mortgage was assigned to Movant. **(Please Exhibit B).**

4. Movant received notice that Debtor filed the above-captioned chapter 13 case on February 24, 2019, just two (2) days prior to Movant's February 26th sheriff sale. This is Debtor's second chapter 13 bankruptcy filing within a year and Movant contends that this is a bad faith filing designed to delay Movant's sheriff's sale of the subject property.

5. The subject mortgage account is due for the March 1, 2015 installment payment which renders the mortgage account over four (4) years delinquent. The amount of the current monthly post-petition mortgage payment is $15,748.34 ($12,441.33 principal and interest; $3,307.34 escrow). **(Please see Exhibit C).**

6. The amount due on the subject account totals approximately $2,437,686.95 as of March 26, 2019. **(Please see Exhibit C).**

7. Movant has had to advance $196,863.28 in escrow advances to protect its interests in the subject property which Debtor and her family enjoy the full use and occupancy of the subject property at Movant's sole expense. **(Please see Exhibit C).**

8. This filing by Debtor represents the second bankruptcy filing by Debtor and the third bankruptcy filing under the subject Note and Mortgage since May 12, 2016. Movant contends this filing has been done in abject bad faith for the following reasons:

    a)     Movant filed a complaint in foreclosure on or about August 25, 2015. **(Please see Exhibit D).**

    b)     The Debtor filed a contested answer to the complaint on November 9, 2015. Litigation proceeded and Movant filed a motion for summary judgment with the Superior Court of New Jersey on April 13, 2016. A court notice was received advising that the Court would decide on the motion on May 13, 2016. **(Please see Exhibit E).**

    c)     A ruling on the summary judgment motion was not decided on May 13th as per the court notice because Debtor's former husband filed a chapter 7 petition with this Court on May 12, 2016, Case Number 16-13411/JKF. Due to the lack of equity in the property, Movant filed a chapter 7 relief motion on May 18, 2016. Thereafter, the Acting United States Trustee filed a motion to dismiss case or convert it to a chapter 11 proceeding. On July 20, 2016, this Court entered an order converting Debtor's former husband's chapter 7 proceeding to a chapter 11 case. **(Please see Exhibit F).** Movant filed a supplemental certification in support of its pending relief motion on July 29, 2016. On August 4, 2016, this Court granted Movant's relief motion and entered a relief order. **(Please see Exhibit G).** Finally, on January 23, 2017, this Court entered an order dismissing case with a bar and a judgment. **(Please see Exhibit H).**

    d)     Upon being granted relief from stay on August 4, 2016, Movant proceeded with its foreclosure and sent a letter to Judge Hodgson, Jr. of the New Jersey Superior Court requesting that its summary judgment motion be relisted with the court. **(Please see Exhibit I).** Thereafter, on October 14, 2016, the Superior Court of New Jersey entered an order granting summary judgment in favor of Movant and striking the

contested answer and affirmative defenses of Debtor and her former husband. **(Please see Exhibit J).**

e) It should be noted by court that Movant, in good faith, reviewed and negotiated with the Debtor and her former husband to explore their loss mitigation options. Movant placed its foreclosure action on hold from January 17, 2017 until July 11, 2017 when loss mitigation negotiations were deemed unsuccessful.

f) Movant, once again, proceeded with its state law foreclosure action and on September 28, 2017, a final judgment in foreclosure was entered in Case Number F-029267-15. **(Please see Exhibit K).**

g) Foreclosure proceeded and a sheriff sale of the subject property was set by the Ocean County Sheriff for August 28, 2018. The August 28th sale never took place because Debtor used her two allowable 2-week adjournments and the sale was postponed to September 25, 2019.

h) Just four (4) days prior to the sale, Debtor filed her first chapter 13 petition. Case Number 18-28838/KCF was an incomplete filing. Debtor did not tender any post-petition payments in her 2018 filing, so Movant filed a motion for relief from stay. Movant's motion was granted, however, prior to the entry of the relief order, the New Jersey Bankruptcy court entered an order dismissing the case for various reasons on February 19, 2019. **(Please see Exhibit L).**

i) The sheriff sale was set again by the Sheriff. The new date was February 26, 2018. Movant filed the above-captioned petition on February 24, 2019, just two days prior thereto. This filing, like the last one, was filed with missing documents. There is currently a Trustee's motion to dismiss case set for April 23, 2019. The motion is based

upon Debtor's ineligibility to file a chapter 13 petition pursuant to 11 *U.S.C.* Section 109(e) because Debtor is not an individual with regular income. Debtor filed an answer to the motion which just lists excuses and confirms the Trustee's position. Moreover, Debtor's plan filed on March 11th is not a plan at all. The plan contains just one sentence and it is speculative at best. The plan is patently unconfirmable. **(Please see Exhibit M).**

j)  This is the second filing by Debtor within a year and has been filed in bad faith with the sole purpose of attempting to stay Movant's sale, yet again, to the sole detriment of Movant's interests in the subject property. This filing has been filed in an abuse of the bankruptcy process.

k)  Movant asserts that the above-captioned chapter 13 bankruptcy filing is frivolous and designed with the sole intent to unduly burden and vex Movant from proceeding to sheriff sale in its pending state court foreclosure proceeding. *See, In Re Lilley*, 91 F.3d 491 (3rdCir.1996).

l)  The bona fides of Debtor's filing are highly suspect when one considers that the above-captioned bankruptcy petition was the second chapter 13 bankruptcy petition filed by Debtor within one year. Moreover, there should be no stay in effect under 11 *U.S.C.* §362(c)(3).

m)  Debtor's purpose for filing the above-captioned petition was solely to delay Movant from proceeding with its foreclosure sale. Meanwhile, Movant's interests in the property are being harmed. Movant continues to expend funds for taxes and insurance for the subject property.

n)  It is evident from Debtor's filing history that she is using the bankruptcy forum in bad faith. Having worn out her welcome in New Jersey bankruptcy court and

claiming New Jersey as her domicile in the 2018 chapter 13 case, Debtor now files this petition as she was on the brink of the scheduled sheriff sale. She now claims her domicile is in this jurisdiction. This is in contradiction with her previous certification in the New Jersey case. It is clear from her conduct that she is using the bankruptcy process in bad faith to unduly burden and delay Movant its state court remedies from completing its foreclosure action against the subject property. **(Please see Exhibit N).**

9. Pursuant to the foregoing, Movant contends that cause exists to enter an order granting it relief from the Automatic Stay and prospective/*in rem* relief under 11 *U.S.C.* 362(d)(1), (2) and/or (4)(B).

**WHEREFORE**, Movant respectfully requests that this Court grant its motion and enter an order granting it relief from the Automatic Stay and prospective/*in rem* relief under 11 *U.S.C.* 362(d)(1), (2) and/or (4)(B) as to Movant's enforcement of its state law remedies as to the realty commonly known as 316 Dutchmans Point Road, Mantalocking, New Jersey 08938. Movant also requests that the 14-day requirement of Rule 4001(a)(3) be waived. Additionally, if the case has been dismissed and/or closed Movant requests the Court reopen and/or reinstate the case for purposes of adjudicating this motion.

I HEREBY CERTIFY under penalty of perjury that the foregoing is true and correct.

          ROMANO GARUBO & ARGENTIERI
          Attorneys for Movant

          By: /s/ Emmanuel J. Argentieri
             Emmanuel J. Argentieri, Esquire
             PA Attorney ID No. 59264

Dated: April 12, 2019

ROMANO GARUBO & ARGENTIERI
Emmanuel J. Argentieri, Esquire/59264
52 Newton Avenue, P.O. Box 456
Woodbury, New Jersey 08096
(856) 384-1515
eargentieri@rgalegal.com